**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
KEVIN J. O'BRIEN,                                   Index No.: 1:16-cv-06236

                                          Plaintiff,

                    v.

HARRIS, ST. LAURENT & CHAUDHRY LLP AND
JONATHAN HARRIS,

                                          Defendants.
-------------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**
**UNDER FRCP 12(b)(6)**


                                                                     THE SULTZER LAW GROUP, P.C.
                                                                     *Attorneys for Plaintiff*
                                                                     14 Wall Street, 20th Floor
                                                                     New York, New York 10005
                                                                     (212) 618-1938
                                                                     (888) 749-7747

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………...…………………………………………..I

TABLE OF AUTHORITIES…………………………......................................................II-III

Introduction……………………………………………………………………...……………1

Argument………………………………………………………………………………….2

   I.    Mr. O'Brien Has Stated a Valid Claim Under New York's Labor Law…………………..2

   II.   The Claims of Quantum Meruit and Unjust Enrichment Should Stand…………………..5

   III.  Plaintiff Has a Valid Breach of Contract Claim Against Jonathan Harris……….……..7

CONCLUSION……………………………………….…………………………………...……8

# TABLE OF AUTHORITIES

<u>Cases</u>

*Bader v. Wells Fargo Home Mortg., Inc.*,
    773 F.Supp.2d 397, 415 (S.D.N.Y. 2011)……………………………………………...2

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147, 152-53 (2d Cir. 2002)…………………………………………………...3

*Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.,*
    70 N.Y.2d 382, 389 (1987)……………………………………………………………..5, 6

*Cohen v. Stephen Wise Free Synagogue,*
    No. 95 CIV. 1659 (PKL), 1996 WL 159096, at *4 (S.D.N.Y. April 4, 1996)……………4

*Faulkner v. Beer,*
    463 F.3d 130, 134 (2d Cir. 2006)……………………………………………………….3

*Gottlieb v. Kenneth D. Laub & Co., Inc.,*
    82 N.Y.2d 457, 463-64 (1993)………………………………………………………….4

*Hallmark Aviation Ltd. v. AWAS Aviation Servs., Inc.,*
    No. 12 CIV. 7688 JFK, 2013 WL 1809721, at *5 (S.D.N.Y. April 30, 2013)………..…..6

*Joseph Sternberg, Inc. v. Walber 36th St. Associates*,
    187 A.D.2d 225, 227–28 (1st Dept. 1993)………………………………………………6

*MacFarlane v. Grasso,*
    696 F.2d 217, 224 (2d Cir. 1982)……………………………………………………….5

*Matter of Morris v. NYS Dept. of Taxation & Fin.,*
    82 N.Y.2d 135, 141 (1993)……………………………………………………………..7

*Mirchel v. RMJ Sec. Corp.,*
    205 A.D.2d 388 (1st Dep't 1994)……………………………………...……………..2

*Nowicki v. Toll Bros., Inc.*,
    No. 10-CV-4877 (CBA) (JO), 2012 WL 14258, at *2 (E.D.N.Y. Jan. 4, 2012)………….4

*Pachter v. Bernard Hodes Group, Inc.,*
    10 N.Y.3d 609, 617 (2008)……………………………………………………………..2

*Seiden Assocs., Inc. v. ANC Holdings, Inc.,*
    754 F. Supp. 37, 40 (S.D.N.Y. 1991)…………………………………………………..5

*Weiss v. Inc. Vill. Of Sag Harbor,*
        762 F.Supp.2d 560, 567 (E.D.N.Y. 2011)……………………………………………..3


#### Statutes

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………....1, 3

Fed R. Civ. P. 8(e)(2)……………………………………………………………………………..5

Fed. R. Civ. P. 8(d)(3)…………………………………………………………………………..5

New York Labor Law (NYLL) Section 193………………………………………………….2, 4

NYLL Section 193(1)(a)-(b)……………………………………………………………………2

NYLL Section 198(1-a)………………………………………………………………….……..4

Plaintiff Kevin J. O'Brien submits this Memorandum of Law in opposition to Defendants' motion, dated September 30, 2016, to dismiss counts in his Complaint ("Cplt.") pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Defendants' motion to dismiss leaves untouched Mr. O'Brien's contract claim against the Defendant Harris Firm, conceding that Mr. O'Brien had a valid contract with the Firm. (Memorandum of Law in Support of Motion ("Defs. Mem.") at 7.)  In this connection it is significant that, as recounted in the Complaint, the Harris Firm in late 2015 sent emails to Mr. O'Brien stating what the Firm owed him: "[Y]ou were owed then and are now owed meaningful sums by the [Harris] Firm."  (Cplt. at ¶ 13.)  Yet, rather than pay Mr. O'Brien what they admittedly owe him, Defendants have compelled this lawsuit and, now, have brought a non-dispositive motion to further delay a reckoning.

The present motion, incomplete though it is, has no basis.  The First Cause of Action, brought under the New York Labor Law, should be sustained because the Complaint, read in conjunction with documents "integral" to it, makes out a proper claim under at least one section of that statute.  The Third and Fourth Causes of Action, for quantum meruit and unjust enrichment, respectively, should be sustained because the contract in this case is implied, not written, and Defendants do not concede either that it governs this dispute or that Mr. O'Brien fully performed his obligations under it.  And the Second Cause of Action – as against Defendant Harris – should be sustained because the Complaint alleges more than sufficient facts to allow Mr. O'Brien to "pierce the veil" and hold Harris personally liable for breach of contract.

**ARGUMENT**

**I.       Mr. O'Brien Has Stated a Valid Claim Under New York's Labor Law**

In the First Cause of Action, against both Defendants, Mr. O'Brien has alleged violations of the New York Labor Law (the "NYLL") that are viable under at least one section of that statute, Section 193.

Section 193 "embodies New York's 'long standing policy against the forfeiture of earned wages.'" *Bader v. Wells Fargo Home Mortg., Inc.*, 773 F.Supp.2d 397, 415 (S.D.N.Y. 2011), *quoting Mirchel v. RMJ Sec. Corp.,* 205 A.D.2d 388 (1st Dep't 1994).  The section forbids employers from making "any deduction from the wages of an employee" unless the deduction is either "made in accordance with the provisions of any law or regulation" or "expressly authorized in writing by the employee and [is] for the benefit of the employee."  NYLL Section 193(1)(a)-(b).  The section addresses adjustments to wages already earned, as opposed to those made before wages were earned.  *See, e.g., Pachter v. Bernard Hodes Group, Inc.,* 10 N.Y.3d 609, 617 (2008) ("If the adjustments were made before the commissions were earned, section 193 did not prohibit them; but if the charges were subtracted after [the employee's] commissions were earned, [the employer] engaged in impermissible practices under the statute.").

The First Cause of Action fits squarely within the scope of Section 193.  Mr. O'Brien alleges that, beginning in December 2015, Defendants "refused to pay Plaintiff the wages he earned" by reneging on a commitment to make monthly distributions and a "true up" payment representing his share of net revenues *already received* by the Firm.  By mid-December 2015, the Complaint goes on, Defendant Harris and others acting at his direction began to manufacture, among other excuses, "deductions and offsets in a vain attempt to reduce Plaintiff's wages claim to zero."  (Cplt. at ¶¶ 12-15.)

Defendants do not dispute that Section 193 applies to these allegations.  They claim, rather, that Mr. O'Brien "must set forth some bare minimum of details on the alleged deductions as to provide the Defendants with notice of the alleged misconduct," or else this cause of action must be dismissed.  (Defs. Mem. at 5-6.)

Defendants have misconceived the standards that apply to a Rule 12(b)(6) motion.  When deciding such a motion, the Court should consider not only the facts alleged in the complaint (accepted as true and construed most favorably to plaintiff), but also "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference."  *Weiss v. Inc. Vill. Of Sag Harbor,* 762 F.Supp.2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted); *accord Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir. 2002).  A document is considered "integral" to the complaint if plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint."  *Chambers*, 282 F.3d at 153 (emphasis omitted).  *See also Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006) (integral documents may include documents that are partially quoted in the complaint or on which plaintiff relied in drafting the complaint).

In ruling on Defendants' motion, this Court should consider several emails, copies of which are attached as exhibits to the accompanying Affirmation of Joseph Lipari.  Plaintiff relied on these emails (among other documents) in drafting the Complaint and they are integral to its allegations regarding improper deductions and adjustments.  In chronological order:

Exhibit A is a 1/27/16 email from Mr. O'Brien to the Harris Firm (written almost two months after he left the Firm) itemizing its improper calculation of the gross fees for which he was responsible, and on which his partner compensation was based.  The missing fees totaled $87,969.  Mr. O'Brien also pointed out that he was being charged for expenses – at least $12,294

3

– for which he was not responsible.  None of these deductions and offsets were sanctioned by Section 193 because each was incorrect and certainly not in accordance with the law or pursuant to a written authorization by Mr. O'Brien and for his benefit, as the section requires.  Mr. O'Brien never received a point-by-point response to his email.

Exhibit B is a 4/21/16 email from the Harris Firm informing Mr. O'Brien that, instead of paying wages, it now wished to assign him "its interest" in a speculative contingency case in which in fact it has no rightful monetary interest.  If Mr. O'Brien insisted on cash, the Firm went on, he would have to accept significantly less than "100% on the dollar" in view of "the lack of notice provided to the firm, the breaches of duty in contacting clients, and the time and expense incurred by the firm as a result."  Again, these offsets were improper in themselves and in any case not permitted under the terms of Section 193.  *Cf., e.g., Nowicki v. Toll Bros., Inc.*, No. 10-CV-4877 (CBA) (JO), 2012 WL 14258, at *2 (E.D.N.Y. Jan. 4, 2012) (counterclaim "premised on poor work performance" violates Section 193); *Cohen v. Stephen Wise Free Synagogue,* No. 95 CIV. 1659 (PKL), 1996 WL 159096, at *4 (S.D.N.Y. April 4, 1996) (same holding).

Mr. O'Brien rejected this proposal, and Defendants continue to withhold all of the wages owed to him.  (Cplt. at ¶¶ 14-15.)

In sum, the Complaint, read in conjunction with the attached emails, provides ample detail – certainly more than "a bare minimum" – regarding the conduct that violates Section 193.  Therefore Defendants' motion to dismiss the First Cause of Action should be denied.[1]

---

[1] Should Mr. O'Brien prevail on this claim, against either Defendant, he would be entitled to the statutory remedies set forth in NYLL Section 198(1-a).  *See Gottlieb v. Kenneth D. Laub & Co., Inc.,* 82 N.Y.2d 457, 463-64 (1993).

4

**II.       The Claims for Quantum Meruit and Unjust Enrichment Should Stand**

The Third and Fourth Causes of Action sound in quasi contract – quantum meruit and unjust enrichment, respectively. Defendants argue it is impermissible to assert these claims and at the same time sue for breach of contract (the Second Cause of Action). However, Defendants are mistaken, and have misstated applicable law.

To begin with, while it is true that a claimant may not recover on alternative theories, such as breach of contract and quasi contractual causes of action, there is no such rule when it comes to *pleading* claims. As one of Defendants' own citations notes, "[A]lternative pleading of contradictory claims is explicitly allowed under the Federal Rules of Civil Procedure … Dismissal of plaintiff's alternative theories at this [the pleading] stage would violate the liberal policy of Rule 8(e)(2) which allows plaintiffs wide 'latitude' in framing their right to recover. *See MacFarlane v. Grasso,* 696 F.2d 217, 224 (2d Cir. 1982)." *Seiden Assocs., Inc. v. ANC Holdings, Inc.,* 754 F. Supp. 37, 40 (S.D.N.Y. 1991). *See also* Fed. R. Civ. P 8(d)(3) (a claimant "may state as many separate claims … as it has, regardless of consistency").

Despite the clearly stated "liberal policy" of the federal rules, some New York decisions have imposed limits on a claimant's ability to plead in the alternative in certain contract cases. The touchstone for these decisions is a state court case, *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.,* 70 N.Y.2d 382, 389 (1987) ("It is impermissible ... to seek damages in an action sounding in quasi contract where the suing party has *fully performed* on a *valid written agreement*, the existence of which is undisputed, and the scope of which *clearly covers the dispute between the parties*.") (emphases added).[2]

---

[2]   *Clark-Fitzpatrick,* for example, is relied upon in four of the five cases Defendants cite: *Coty, New Windsor, Crowley* and *Mid-Hudson.* The fifth case, *Epstein,* relies upon *Coty.* (Defs. Mem. at 7.)

Even if *Clark-Fitzpatrick* is considered authoritative, however, it has no application to the Complaint. Although Defendants concede the existence of a contract between Mr. O'Brien and the Harris Firm, they describe it as "established through at the very least the course of conduct by the parties." (Defs. Mem. at 7.) In other words, the admitted contract is not written, as *Clark-Fitzpatrick* requires, but implied. Moreover, it can scarcely be said at this juncture that the implied contract "clearly covers the dispute between the parties," because Defendants' admission fails to describe the terms of the contract. Finally, Defendants obviously dispute that Mr. O'Brien "fully performed" under their version of the contract. They even claim, amazingly enough, that "Mr. O'Brien resigned prior to earning the wages that are in dispute in this matter." (*Id.* at 1.) In sum, *Clark-Fitzpatrick* is no bar to asserting the quasi contractual counts here. *See also Joseph Sternberg, Inc. v. Walber 36th St. Associates*, 187 A.D.2d 225, 227–28 (1st Dept. 1993) (noting, in refusing to dismiss a quasi contractual count because the contract at issue was silent on a key point of disagreement, that *Clark-Fitzpatrick* "does not hold that a claim in contract and one in quasi contract are mutually exclusive in all events and under all circumstances").

With Defendants willing to concede so little, not even that the contract is relevant to Mr. O'Brien's claim for wages, it would be premature at best to dismiss the equitable claims in the Third and Fourth Causes of Action. *See Hallmark Aviation Ltd. v. AWAS Aviation Servs., Inc.*, No. 12 CIV. 7688 JFK, 2013 WL 1809721, at *5 (S.D.N.Y. April 30, 2013) ("[a]t the pleading stage, Plaintiff is not required to guess whether it will be successful on its contract, tort, or quasi-contract claims") (citation omitted). Therefore, Defendants' motion to dismiss the Third and Fourth Causes of Action also should be denied.

6

### III.     Plaintiff Has a Valid Breach of Contract Claim Against Jonathan Harris

Finally, Defendants argue that the Second Cause of Action – as against Defendant Jonathan Harris only – should not stand because the Complaint does not allege facts that would enable Plaintiff to "pierce the veil" of the Defendant Harris Firm and reach Harris.  (Defs. Mem. at 8.)  Defendants have misread the Complaint.

Piercing the veil, whether of a corporation or a limited liability partnership, generally requires a showing (1) that the owner or managing partner exercised complete domination of the entity in respect to the subject transaction, and (2) that such domination was used to commit a wrong – here, breach of contract – against Plaintiff.  However, "[b]ecause a decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities, the New York cases may not be reduced to definitive rules governing the varying circumstances when the power may be exercised."  *Matter of Morris v. NYS Dept. of Taxation & Fin.,* 82 N.Y.2d 135, 141 (1993).

In the present case, applying this flexible standard and giving Plaintiff the benefit of all reasonable inferences, the Complaint contains ample allegations supporting the conclusion that Defendant Harris should be held personally liable for breach of contract.  The Complaint alleges that Defendant Harris, Managing Partner of the Harris Firm, controlled the Firm by virtue of owning 60 percent of the partnership equity and securing "the acquiescence of the other equity partners."  As a result, "*All* of the actions of the Harris Firm complained of in this action have been taken by or at the direction of Defendant Harris."  (Cplt. at ¶ 7.) (emphasis added).  In another measure of Harris' domination, the Complaint sets forth why Defendant Harris should be considered an employer under the NYLL:  Among other powers, he had the ability, at will, to

7

fire employees, supervise and control employee work schedules and conditions of employment, determine the method and rate of employment, and maintain employment records.  (*Id. at* ¶ 19.)

The Complaint also alleges Defendant Harris' decisive role in the actions leading to this lawsuit.  He personally decided to terminate Mr. O'Brien in or around July 2015 because he had decided "to take the firm in a different direction."  And by mid-December 2015, he took over direct discussions with Mr. O'Brien over the wages due him, directly or indirectly "making false promises, raising irrelevant issues, and misstating the facts" in these discussions, as well as asserting "fabricated deductions and offsets in a vain attempt to reduce Plaintiff's wage claim to zero."  Harris also was behind Defendants' rejection of Plaintiff's attempts to negotiate a settlement of this dispute on reasonable terms.  (*Id. at* ¶¶ 12, 15.)

Fairly read, the Complaint here alleges that Defendant Harris dominated the Firm and by virtue of this domination violated Mr. O'Brien's contract rights and caused him serious injury.  These allegations are more than sufficient to sustain a cause of action against Defendant Harris personally for breach of contract.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss should be denied in its entirety.

DATED: October 31, 2016

Respectfully submitted,<br>
THE SULTZER LAW GROUP, P.C.<br>
Joseph Lipari /s/<br>
By:_____<br>
Joseph Lipari<br>
Attorneys for Plaintiff<br>
14 Wall Street, 20th Floor<br>
New York, NY 10005<br>
(212) 618-1938<br>
liparij@thesultzerlawgroup.com

8