Kevin O'Brien <kobrien@fordobrien.com>
To: Jonathan Harris <jon@harrisobrien.com>
Cc: "Andrew St. Laurent" <andrew@harrisobrien.com>, cfrancois@harrisobrien.com

Wed, Jan 27, 2016 at 6:03 PM

Jon --

There are serious mistakes in your calculations regarding my splits.

First, you've omitted $85,113 in gross fees that I've brought in since 10/1/15. $37,200 is from UBS, which tells me the November 2015 invoice has been paid. The balance, $47,913, is from the Kalachs, who paid your firm an extra $49,808 on 9/30/15 -- an amount in excess of all invoiced amounts from your firm, as Cassandre's 12/6/15 email explains (see attached) and the Kalachs have confirmed. When legitimate expenses and other adjustments are subtracted from the extra $49,808 payment (see below), the net amount for earned but unpaid fees is $47,913.

Second, I've checked the original invoices and you've understated the gross fees you report for Kalach and SIX Financial by $2,856 ($111,129 - 108,273).

Third, you've attached a summary of my "Unbilled Expenses" (totalling $13,816) that bears no relation to what in fact I owe. For Kalach, you've included 2 charges, for H5 and Wm. Kutsch (court reporter), totaling $2,517, but in fact your firm did not pay these charges -- Ford O'Brien did. This reduces the actual Kalach-related expenses to $1,339. When this amount is added to the $47,913 in fees owed to your firm by the Kalachs (as reflected in my draft December 2015 invoice that you did not transmit), the total amount due and owing to you from the Kalachs is $49,252. Since your firm has received $49,808 from the Kalachs, as noted above, you actually owe them $556, which you should transmit to the Kalachs (at their billing address) as soon as possible.

You've also included $9,777 in Turnberry Capital charges that are not my responsibility. The November 2012 engagement agreement with Turnberry -- reviewed and approved by you and Andrew -- expressly makes your firm responsible for all expenses going forward. In early September, when you first raised this issue, I checked with Andrew, who confirmed that absent contractual language to the contrary the firm was responsible for all costs in contingency cases it approved, and that this policy applied to his Stern case so that the firm was obligated to pick up all of the Stern expenses, which at the time (he told me) totaled approximately $40,000. Once these amounts are deducted, my "Unbilled Expenses" are no greater than $1,522, a reduction of at least $12,294.

In sum, I've brought in $87,969 more in gross fees than you've credited to me. Assuming my share of those fees is commensurate with the share you've calculated for the balance ($120,529/165,474 = 73%), my share of the $87,969 would be an additional $64,217 (before the customary deductions). Offsets for "Unbilled Charges" should be no greater than $1,522, based on what you've presented to me.

From these numbers it's clear that your firm owes me a substantial sum of money, readily determinable, and that payment is now overdue. Your vague talk about "separation," our two firms, etc. has nothing to do with your obligations under the law to me, as a former employee/nonequity partner of your firm. Hopefully we can still reach an amicable resolution, but you need to make a serious, bottom-line payment proposal based upon the data you and I have been discussing, which is not in dispute.

Kevin

On Tue, Jan 19, 2016 at 3:41 PM, Jonathan Harris <jon@sc-harris.com> wrote:
[Quoted text hidden]

https://mail.google.com/mail/u/0/?ui=2&ik=c346edbcb1&view=pt&cat=INBOX%2FHarris&search=cat&th=1525b9f6ca00bd2b&siml=1525b9f6ca00bd2b&siml=1...   4/10