UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X

KEVIN J. O'BRIEN,

                                    Plaintiff,

              v.                                      **No. 16-cv-06236(LTS)**

HARRIS, ST. LAURENT & CHAUDHRY LLP
AND JONATHAN HARRIS,

                                  Defendants.
X------------------------------------------------------------------X

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE**

Evan W. Bolla
Andrew St. Laurent
Harris, St. Laurent & Chaudhry LLP
40 Wall Street, 53rd Floor
New York, NY 10005
Tel: (917) 512-9472
ewbolla@sc-harris.com

*Counsel for Defendants*

November 14, 2016

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT IN REPLY** ...................................................................... 1

**POINT I: MR. O'BRIEN CONCEDES TO DISMISSAL OF HIS CLAIM UNDER N.Y. LAB. LAW §191(3) AND IMPROPERLY SUBMITS EXTRINSIC EVIDENCE IN SUPPORT OF HIS CLAIM UNDER N.Y. LAB. LAW §193(1)** ................................................................................ 2

**POINT II: AS THE PARTIES ARE IN AGREEMENT THAT MR. O'BRIEN'S RELATIONSHIP WITH HSC WAS GOVERNED BY A CONTRACT HIS QUASI-CONTRACTUAL CLAIMS FAIL** ................................. 4

**POINT III: MR. O'BRIEN HAS FAILED TO SET FORTH A FACTUAL BASIS TO SUPPORT PIERCING THE CORPORATE VEIL AGAINST MR. HARRIS** ........................................................................................................ 6

**POINT IV: THE EMAILS SUBMITTED BY MR. O'BRIEN IN OPPOSITION TO THIS MOTION DEMONSTRATE THAT REPLEADING WOULD BE WITHOUT EFEFECT AND SUPPORT DISMISSAL OF HIS CLAIMS WITH PREJUDICE** ................................................................ 9

**CONCLUSION** ............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Med. Ass'n v. United Healthcare Corp.*,
   No. 00 CIV. 2800 (LMM), 2007 WL 683974 (S.D.N.Y. Mar. 5, 2007) .......................... 6

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
   448 F.3d 573 (2d Cir. 2006) ............................................................................................ 6

*Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*,
   491 B.R. 335 (S.D.N.Y. 2013) ........................................................................................ 7

*Clopay Plastic Prod. Co. v. Excelsior Packaging Grp., Inc.*,
   No. 12 CIV. 5262 JPO, 2013 WL 6388444 (S.D.N.Y. Dec. 6, 2013) .............................. 4

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) ............................................................................................ 10

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
   387 F. Supp. 2d 265 (S.D.N.Y. 2004) ............................................................................. 8

*Hallmark Aviation Ltd. v. AWAS Aviation Services, Inc.*,
   No. 12 CIV. 7688 JFK, 2013 WL 1809721 (S.D.N.Y. April 30, 2013) .......................... 5

*Joseph Sternberg, Inc. v. Walber 36th St. Assoc.*,
   187 A.D.2d 225 (1st Dep't 1993) .................................................................................... 5

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
   265 F.R.D. 106 (S.D.N.Y. 2010) ............................................................................ 2, 3, 4

*Morris v. N.Y. State Dep't of Taxation & Fin.*,
   82 N.Y.2d 135, 623 N.E.2d 1157 (1993) ........................................................................ 7

*Pachter v. Bernard Hodes Group, Inc.*,
   10 N.Y.3d 609 (2008) ........................................................................................ 1, 5, 8, 9

*Seiden Assocs v. ANC Holding, Inc.*,
   754 F. Supp. 37 (S.D.N.Y. 1991) .................................................................................... 5

*Simas v. Merrill Corp.*,
   No. 02 CIV.4400 RCC, 2004 WL 213013 (S.D.N.Y. Feb. 4, 2004) ............................. 10

*Viable Mktg. Corp. v. Intermark Commc'ns, Inc.*,
   No. 09-CV-1500 JS WDW, 2011 WL 3841417 (E.D.N.Y. Aug. 26, 2011) ................... 6

**Statutes**

F.R.C.P. 12(b)(6) ............................................................................................................. 1

N.Y. Labor Law § 198-c .................................................................................................. 2

N.Y. Labor Law § 191(3) .............................................................................................. 1, 2

N.Y. Labor Law § 193(1) .............................................................................................. 2, 9

**PRELIMINARY STATEMENT IN REPLY**

Prior to filing the current motion to dismiss pursuant to F.R.C.P. 12(b)(6), the Defendants provided Plaintiff Kevin O'Brien multiple opportunities to amend his Complaint. He declined to do so. Now in response to that motion, Mr. O'Brien: (1) concedes his claim under N.Y. Lab. Law §191(3) fails as a matter of law; (2) improperly submits extraneous material not included or referenced in the Complaint in an attempt to save his claim under N.Y. Lab. Law §193(1) from dismissal; (3) ignores the fact that the parties agree that Mr. O'Brien and Harris, St. Laurent & Chaudhry LLP's ("HSC") relationship was governed by a contract and, therefore, his quasi-contractual claims fail as a matter of law; and (4) seeks to add a conclusory claim of piercing the corporate veil without any factual support against Jonathan Harris.

In sum, Mr. O'Brien improperly attempts to use his opposition to the current motion to dismiss to rewrite his Complaint rather than relying on the allegations contained within. In doing so, Mr. O'Brien submits evidence that demonstrates that all of Mr. O'Brien's claims, including the claim for breach of contract against HSC, which is not the subject of this motion, fail as a matter of law under the New York Court of Appeals decision in *Pachter v. Bernard Hodes Group, Inc.,* 10 N.Y.3d 609 (2008). As such, Mr. O'Brien's claims that are the subject of this motion should be dismissed with prejudice.

**POINT I**

**MR. O'BRIEN CONCEDES TO DISMISSAL OF HIS CLAIM UNDER N.Y. LAB. LAW §191(3) AND IMPROPERLY SUBMITS EXTRINSIC EVIDENCE IN SUPPORT OF HIS CLAIM UNDER N.Y. LAB. LAW §193(1)**

Mr. O'Brien does not address his claim under N.Y. Lab. Law §191(3), which Defendants argued fails as a matter of law as executives, administrators and others employed in a "professional" capacity, such as Mr. O'Brien are not subject to this provision of the Labor Law. As such, he concedes this point and this claim should be dismissed by the Court. He additionally concedes that a remedy under N.Y. Lab. Law § 198-c is unavailable.

Next, Mr. O'Brien implicitly concedes that he has failed to set forth facts to support a claim under N.Y. Lab. Law §193(1), as rather than relying on factual allegations in the Complaint, Mr. O'Brien submits two emails through affirmation of counsel which he asks the Court to rely upon. Those emails were not identified or even referenced in the Complaint and Mr. O'Brien's opposition cites to no independent factual allegations.

In *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 120 (S.D.N.Y. 2010), Judge Leisure set forth the law and necessary analysis for the unusual situation where a plaintiff, rather than a defendant, seeks to interject extraneous material during briefing on a motion to dismiss:

> The Court's treatment of these new materials is governed by Rule 12(d). Pursuant to Rule 12(d), the Court must determine whether the newly presented documents are (1) part of the pleadings such that the Court may consider them as part of the instant motion; (2) not part of the pleadings such that the documents should be excluded in deciding this motion to dismiss; or (3) not part of the pleadings but

2

> should be considered by converting the instant motion to dismiss to one for summary judgment.
>
> \* \* \*
>
> The present dispute presents the atypical situation where plaintiffs submit extrinsic documents in their opposition to [defendant's] motion to dismiss. Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss. [cited cases]. However, if the extrinsic evidence is a part of the pleadings, it may be considered on a motion to dismiss….
>
> 'Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.' [cited case]. Therefore, the Court may consider the [plaintiff's submissions] as part of the pleadings if these documents either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint….
>
> To be incorporated by reference, the complaint must make 'a clear, definite and substantial reference to the documents.' [cited cases]. '[L]imited quotation' of documents not attached to the complaint 'does not constitute incorporation by reference.' [cited cases]. To be integral to a complaint, the plaintiff must have (1) 'actual notice' of the extraneous information and (2) ' 'relied upon th[e] documents in framing the complaint.' ' [cited cases]. '[M]ere notice or possession is not enough' for a court to treat an extraneous document as integral to a complaint; the complaint must ' 'rel[y] heavily upon [the document's] terms and effect' ' for that document to be integral. [cited case]. Even if a document meets the twin requirements of integrality—reliance and notice—a court still may not consider it on a motion to dismiss if there is a dispute 'regarding the authenticity or accuracy of the document' or 'the relevance of the document' to the dispute. [cited case]

*Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 122–23 (internal citations omitted).  In applying this analysis to the facts in the *Madu* matter, which mirror those here, Judge

3

Leisure found that the plaintiffs were unable to satisfy the second integrality prong—reliance upon the documents in framing their complaint, as while plaintiffs' complaint referenced facts only present in the extraneous documents, the plaintiffs did not rely heavily upon the documents' "terms and effects." *Id.* at 124.  Judge Leisure noted that "[n]ot only does the complaint lack any quotations from the e-mails, it fails even to include the term "e-mail;" the same situation is present here.  *Id.*  *Madu* can be contrasted with *Clopay Plastic Prod. Co. v. Excelsior Packaging Grp., Inc.*, No. 12 CIV. 5262 JPO, 2013 WL 6388444, at *5 (S.D.N.Y. Dec. 6, 2013), in which the Court found that the plaintiff could rely on the at issue emails as the complaint clearly identified the date of the specific emails and the claim was that the emails were a ratification of an agreement.

Here the at-issue emails are not identified in any regard in the Complaint and they are not documents that the terms and effects are being heavily relied upon.  Furthermore, even if the Court were to consider those emails, for the reasons discussed below in Point IV of this reply memorandum, they would only form the basis for a motion to dismiss all claims, including the claim for breach of contract against HSC that was not the subject of this motion.[1]

## POINT II

### AS THE PARTIES ARE IN AGREEMENT THAT MR. O'BRIEN'S RELATIONSHIP WITH HSC WAS GOVERNED BY A CONTRACT HIS QUASI-CONTRACTUAL CLAIMS FAIL

Mr. O'Brien has plead that:

> Plaintiff and Defendants entered into an implied contract, established and evidenced by a regular course of conduct of

---

[1] Had the emails been attached to the complaint, Defendants would have moved to dismiss the complaint in its entirely including the breach of contract claim.  Defendants intend to move for summary judgment against the breach of contract as soon as appropriate.

4

> the parties from 2012 through 2015, regarding the distribution of the Harris Firm's net revenues. Pursuant to the contract, Plaintiff was entitled to wages in the form of a percentage of net revenues under a simple, fixed formula that for each non-contingency matter allocated net firm revenue as among the firm, the originating partner, and partner(s) who worked on the matter.

Complaint ¶ 24. Defendants do not challenge that Mr. O'Brien's relationship with the firm was governed by contract, nor that the contract covered Mr. O'Brien's wages. As noted in *Hallmark Aviation Ltd. v. AWAS Aviation Services, Inc.,* No. 12 CIV. 7688 JFK, 2013 WL 1809721 (S.D.N.Y. April 30, 2013), cited by Mr. O'Brien in opposition, "New York law therefore 'permits the alternative pleading of breach of contract and unjust enrichment claims – and the survival of both claim at the motion to dismiss stage' – **where the applicability of the contract is disputed**." *Id.* at *4 (emphasis added). Here the applicability of the contract between Mr. O'Brien and HSC is not at issue – both parties agree that a contractual relationship governs Mr. O'Brien's compensation at HSC. *See Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 618, 891 N.E.2d 279 (2008) (any lack of a specific written contract is not determinative where the parties have had a course of dealing that established an implied contract under which the final computation of the commissions earned is processed). In contrast, the cases cited by Mr. O'Brien contain some dispute over the applicability of the contract. *See Seiden Assocs v. ANC Holding, Inc.*, 754 F. Supp. 37 (S.D.N.Y. 1991) (quasi-contractual claims not dismissed as defendants asserted that written contract did not bind defendants); *Joseph Sternberg, Inc. v. Walber 36th St. Assoc.*, 187 A.D.2d 225 (1st Dep't 1993) (the commission contract provided for an explicit commission based on explicit sales price and property sold under different terms). Furthermore, the *Seiden* decision has been criticized as inconsistent

5

with New York law and has fallen out of favor. *See Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 CIV. 2800 (LMM), 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007); *see also Viable Mktg. Corp. v. Intermark Commc'ns, Inc.*, No. 09-CV-1500 JS WDW, 2011 WL 3841417, at *3 (E.D.N.Y. Aug. 26, 2011).

While Mr. O'Brien appears to conceded that his quasi-contractual claims would be subject to dismissal if the contract is in writing, there is no such distinction under the law. As held by the Second Circuit:

> Because, as noted above, 'in the law there is no distinction between agreements made by words and those made by conduct,' and implied-in-fact contracts are 'just as binding as [ ] express contract[s] arising from declared intention,' *Jemzura,* 36 N.Y.2d at 504, 369 N.Y.S.2d 400, 330 N.E.2d 414, *Clark–Fitzpatrick* precludes unjust enrichment claims whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact. *See Jim Longo, Inc. v. Rutigliano,* 294 A.D.2d 541, 742 N.Y.S.2d 877 (2d Dep't 2002) (reversing a jury verdict in favor of the plaintiff on "a theory of quasi-contract" because a performed oral contract precluded any such claim (citing, inter alia, *Clark–Fitzpatrick*)); *Bello v. Cablevision Systems Corp.,* 185 A.D.2d 262 (2d Dep't 1992) (holding that an implied-in-fact contract precluded a claim for "quasi-contract" (citing, inter alia, *Clark–Fitzpatrick*)).

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587 (2d Cir. 2006). As the parties do not dispute the existence of a binding enforceable contract, Mr. O'Brien's quasi-contractual claims fail as a matter of law.

### POINT III

### MR. O'BRIEN HAS FAILED TO SET FORTH A FACTUAL BASIS TO SUPPORT PIERCING THE CORPORATE VEIL AGAINST MR. HARRIS

As there is no independent legal basis to keep Defendant Jonathan Harris in this matter, Mr. O'Brien interjects the words "piercing the corporate veil" in a vein attempt to

6

keep Mr. Harris as a party to this suit.  His only allegations against Mr. Harris are that he is the managing partner of HSC with a majority stake in the firm; that he, through Andrew St. Laurent, indicated that Mr. O'Brien should make plans to seek employment elsewhere (Complaint ¶ 12); and that Mr. Harris took over negotiations with Mr. O'Brien after his departure (Complaint ¶ 15).  No other conduct by Mr. Harris, much less any wrongful conduct by Mr. Harris is alleged in the Complaint despite Mr. O'Brien's attempt to link allegation against HSC to Mr. Harris personally in his current opposition.

However:

> [T]he standard for veil-piercing is very demanding. Thus, '[d]isregard of the corporate form is warranted only in extraordinary circumstances, and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss.' []. 'The unadorned invocation of dominion and control is simply not enough' to state a claim premised on veil piercing. []

*Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (S.D.N.Y. 2013)(internal citations omitted).  "While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required. The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene." *Morris v. N.Y. State Dep't of Taxation & Fin.,* 82 N.Y.2d 135, 141–42, 623 N.E.2d 1157, 1161 (1993) (internal citations omitted).  "Furthermore, it is well established that 'purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under [Rule 8(a)'s] liberal notice pleading

7

standard." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 274 (S.D.N.Y. 2004) (dismissing piercing the corporate veil claim as failure to allege factual allegations that support wrongful conduct giving rise to such a claim).

While Mr. O'Brien may have some conclusory claims of "false promises, raising irrelevant issues, and misstating the fact" he has no factual allegations against Mr. Harris to support these statements.  Under Mr. O'Brien's theory, any breach of contract claim against an entity would automatically give rise to a claim against a controlling principal.

Despite Mr. O'Brien's efforts to expand his claims, this is a contract dispute with no wrongful conduct by HSC or Mr. Harris that would give rise to a claim of piercing the corporate veil. Mr. O'Brien resigned from HSC on one business-day's notice, therefore, terminating his relationship with HSC. As detailed in its pending motion for sanctions pursuant to Rule 11, HSC made significant efforts to resolve matters with Mr. O'Brien, and Mr. O'Brien refused to meet with HSC or even have a phone call.  Thereafter, HSC concluded based on *Pachter v. Bernard Hodes Group, Inc.,* 10 N.Y.3d 609 (2008) and other conduct by Mr. O'Brien not subject to this motion, that, based on the timing and circumstances of Mr. O'Brien's departure, it was not obligated to pay Mr. O'Brien against certain collections and receivables, and that it had substantial offsets and counterclaims against Mr. O'Brien. In short, this is a breach of contract claim against an almost twenty attorney law firm by a former non-equity partner.  Mr. O'Brien conclusory allegations and his now bootstrapped claim of "piercing the corporate veil," which is not alleged or even mentioned in the actual Complaint, is unavailing and does not sufficiently support a claim against Mr. Harris.

**POINT IV**

**THE EMAILS SUBMITTED BY MR. O'BRIEN IN OPPOSITION TO THIS MOTION DEMONSTRATE THAT REPLEADING WOULD BE WITHOUT EFFECT AND SUPPORT DISMISSAL OF HIS CLAIMS WITH PREJUDICE**

While HSC limited itself in its motion to dismiss to arguments based on the allegations in the Complaint, Mr. O'Brien now looks to rely on emails in an attempt to save his N.Y. Lab. Law §193(1) claims. As discussed above, those emails should not be considered by this Court. Moreover, had the Complaint attached the emails, it would only have supported a complete dismissal of all claims.

Mr. O'Brien's January 27, 2016 email (Exhibit A to the Lipari Affirmation) indicates that the share of revenue he is claiming is "before the customary deductions." Therefore, Mr. O'Brien email acknowledges in significant part what his Complaint is silent on – the structure of his contractual compensation at HSC. The structure required payments to non-equity partners to be calculated only after collections from clients and after a series of "customary deductions" were applied. At no time did Mr. O'Brien have any right to be paid on uncollected receivables or before calculation of deductions. *Pachter v. Bernard Hodes Group, Inc.,* 10 N.Y.3d 609 (2008) is instructive. In that case, plaintiff sued under N.Y. Lab. Law §193(1), arguing that she had "earned" her commissions before the deductions were made, and so the deductions illegally reduced her "earned" wages. *Id*. at 614. The Court of Appeals found that "in the absence of a governing written instrument, when a commission is earned' and becomes a wage' ... is regulated by the parties' express or implied agreement...." *Id.* Applying this, the Court of Appeals found that the commissions were only "earned" after the customary deductions were calculated and applied. Here, Mr. O'Brien's commissions were not earned until

after the deductions were calculated, which did not occur prior to his sudden resignation. As such, he has no entitlement to unearned wages post-resignation. *See Simas v. Merrill Corp.*, No. 02 CIV.4400 RCC, 2004 WL 213013, at *3 (S.D.N.Y. Feb. 4, 2004).

Mr. O'Brien includes a second email (Exhibit B to the Lipari Affirmation) that is a settlement communication from HSC, which appears irrelevant to the Court's analysis. As detailed in the currently pending Rule 11 motion, that email was only written after Mr. O'Brien ignored numerous prior attempts to resolve outstanding issues. Rather than continue to highlight errors in Mr. O'Brien's calculations that he refused to address, HSC proposed an alternative means for the parties to reach a resolution.

Whereas here plaintiff is unable to allege any facts sufficient to support its claim, leave to re-plead should be denied. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

## CONCLUSION

For the reasons expressed in Defendants moving papers as well as herein, Plaintiff's Complaint should be dismissed with prejudice in all regards, except for the breach of contract claim against HSC which is subject to dismissal at the appropriate time.

Dated: November 14, 2016
      New York, New York

                                                                          /s/_____
                                                                          Evan Bolla
                                                                          Andrew St. Laurent
                                                                          Harris St. Laurent & Chaudhry LLP
                                                                          40 Wall Street, 53rd Floor
                                                                          New York, NY 10005
                                                                          Tel: (917) 512-9472
                                                                          ewbolla@sc-harris.com
                                                                          *Attorney for Defendants.*